IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JACOB SMITH**                                                                                         **PLAINTIFF**

VS.                            No. 3:21-cv-00201 PSH

**KILOLO KIJAKAZI, Acting Commissioner,**
  **Social Security Administration**                                                      **DEFENDANT**

### ORDER

Plaintiff Jacob Smith ("Smith"), appeals the final decision of the Commissioner of the Social Security Administration (defendant "Kijakazi") to deny his claim for Disability Insurance benefits (DIB) and supplemental security income (SSI). Smith correctly contends the Administrative Law Judge ("ALJ") erred by failing to resolve an apparent conflict from the vocational expert for testimony that was inconsistent with the *Dictionary of Occupational Titles ("DOT")*. As a result, this case must be reversed and remanded.

*The Administrative Hearing*

At the December 18, 2020 administrative hearing, Smith testified that he was 5'8", 285 pounds, 38 years old, and had a twelfth grade education. He detailed his past

1

relevant work, noting he last worked in 2014 as a maintenance mechanic. Vocational expert Todd Capielano ("Capielano") testified that all of Smith's prior jobs were performed at either the medium or heavy exertional level.

The ALJ posed a hypothetical question to Capielano, asking him to assume a worker of Smith's age and educational and work background who could perform light work with numerous restrictions.[1] Capielano stated that such a worker could not perform any of Smith's past relevant work. However, he testified such a worker could perform the jobs of cleaner, hand packager, and marker. Capielano testified that a worker missing at least two days a month would not be able to perform the cited jobs.

The ALJ continued:

Q. And factors not specifically addressed by the DOT such as the overhead reaching limitation and absenteeism and work breaks, how do you base your opinion in those respects?

A. My 34 years of experience in the field of vocational rehabilitation and

---

[1] The restrictions were: occasionally climb ladders, ropes, and scaffolds; avoid concentrated exposure to noise being a noise intensity level of no more than a 3 as per the selected characteristics of occupations in the *DOT*; avoid concentrated exposure to hazards including dangerous, moving machinery and unprotected heights; limited to simple, routine, repetitive tasks of unskilled work; can maintain attention and concentration for no longer than two-hour blocks of time; can occasionally interact with supervisors, coworkers, and the general public; and can only occasionally reach overhead with the right upper extremity. (Tr. 55-57).

>job placement, labor market research, and conducting probably over 1,000 job analyses.

(Tr. 57).

*ALJ's Decision*

In his February 1, 2021, decision, the ALJ concluded Smith was unable to perform any of his past relevant work.  Turning to the testimony of Capielano, the ALJ cited SSR 00-4p and stated Capielano's testimony was "not fully consistent" with the *DOT*.

> The vocational expert's testimony regarding the reaching overhead limitation, which is not addressed by the DOT, was based on his 34 years' experience in vocational rehabilitation, doing job placement, labor market research, and performing over a thousand job analyses.  The undersigned accepts this explanation and otherwise finds his testimony to be consistent with the DOT.

(Tr. 27).  Relying on Capielano's testimony, the ALJ concluded Smith capable of performing work existing in the national economy.  Accordingly, the ALJ found Smith was not disabled. (Tr. 13-29).

**The ALJ failed to resolve an apparent conflict between the testimony of Capielano and the *DOT*.**

The parties correctly identified the duty of the ALJ, under Social Security Ruling 00-4p, to obtain an explanation from the vocational expert when there is a possible conflict between the expert's testimony and the DOT.  *See, also, Renfrow v.*

3

*Colvin*, 496 F.3d 918 (8th Cir. 2007). Here, a possible conflict was apparent because the ALJ determined Smith could *occasionally* reach overhead bilaterally, while Capielano identified three jobs (cleaner, hand packager, and marker) which Smith could perform. The parties agree that the *DOT* description of the three jobs was silent as to overhead reaching. In light of this apparent conflict, the ALJ inquired further of Capielano, which is quoted above.

In his decision, the ALJ wrote:

> Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles, except for the limitation regarding overhead reaching, which the Dictionary of Occupational Titles does not address. However, the vocational expert testified that he based his testimony regarding such limitation on his education and experience in the field.

(Tr. 22).

Numerous cases address the duty of the ALJ in resolving a conflict between the testimony of a vocational expert and the *DOT*. The parties agree there is a clear starting point in analyzing these cases – the vocational expert is obliged to provide a reasonable explanation for the conflict in occupational information, and simply stating "based upon my experience" will not suffice. *See, e.g., Stanton v. Soc. Sec. Admin.*, 899 F.3d 555 (8th Cir. 2018).[2] The *Stanton* Court explained that mere reliance on

---

[2] *See also Montoya v. Social Security Administration*, 2019 WL 2482719 (E.D. Ark. 2019) ("One wonders *what* is based on experience and *how* that experience explains the conflict.");

"experience" was an insufficient basis to overcome the apparent conflict with the *DOT* but noted that an expert's experience, coupled with additional information, would have sufficed. "The expert might have learned from experience that the [specific jobs at issue] do not require Level 2 Reasoning [the trait which varied from the *DOT*], *but he did not say so*." 899 F.3d at 560 (emphasis added).

Moving from this starting point to the other end of the continuum, there are clear examples of reasonable explanations for the apparent conflict. In *Burfield v. Colvin*, No. 4:14cv161 SWW/JJV (E.D. Ark. July 15, 2015) the expert testified the claimant could perform the work of fishing float assembler by modifying the process typically used and holding the product between the worker's knees during assembly. This testimony evidenced a familiarity with the particular job in question and its demands. *See also Bass v. Saul*, 2021 WL 1813181 (E.D. Ark.) (May 6, 2021) (vocational expert's testimony is sufficient when he/she provides details about qualifications and experience, and knowledge about how jobs are actually performed); and *Newberry v. Saul*, 2020 WL 2203843 (E.D. Ark.) (May 6, 2020) (expert's experience *plus* shadowing on the job amounted to a "reasonable explanation").

Capielano's testimony lies at neither end of the continuum–he did not merely

---

and *Pixler v. Berryhill,* 2018 WL 3742457 (W.D. Mo. 2018) (expert's "vague assurances that she relied on some combination of the DOT and her professional experience failed to provide a reasonable explanation to resolve the conflict").

say "based upon my experience," but he also did not offer an opinion based on his specific knowledge of the requirements of the three jobs in issue. Years of experience, labor market research, and numerous job analyses do not reach the issue of whether Capielano had specific insight into the performance of the three jobs. He did not testify to a familiarity with the three jobs, to observing these jobs, or to shadowing the performance of the jobs. While the record before the Court establishes Capielano is an expert with great experience, it simply does not establish Capielano is an expert on the performance of the particular jobs[3] about which he testified. Absent some specificity linking his expertise to the cited jobs, Capielano's testimony was not a reasonable explanation for the conflict. Borrowing language from the *Stanton* case, Capielano may have learned from experience that the three particular jobs he cited could be performed with occasional overhead reaching, *but he did not say so*.

---

[3]
The emphasis on *particular* jobs rather than general expertise is also found in SSR 00-4p, which provides in part:
> Information about a *particular job's* requirements or about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling.
>
> The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a *particular job* as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT.

(Emphasis added).

The Court recognizes that an expert witness is afforded some deference in offering his or her opinion. Even so, it is significant that this dispute arises at step 5 of the statutory sequential evaluation, where the burden of going forward with evidence shifts to the government. 20 C.F.R. §§ 404.1512 and 1560(c). Carrying this burden requires more than a passing reference by the expert to his or her experience, even when the experience, as in this case, is substantial.

The decision of Kijakazi is reversed, and this case is remanded for further proceedings consistent with this Order. The remand in this case is a "sentence four" remand as that phrase is defined in 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 1st day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE